Curia, per

Wardlaw, J.
The court is satisfied with the instructions given to the jury, which meet the first, second and fourth grounds of appeal. As to the third ground, a large discretion must be left to the circuit Judge, in regulating the order of testimony, and where no surprize or injustice has been effected, this court would no more prevent the plaintiff’s being permitted, in reply, to supply an omission, *79 than it would prevent such indulgence being extended to him after a motion for nonsuit.
But where the regular order is enforced, it is, in practice, difficult to exclude from the evidence in reply, all matters not strictly in reply ; and the practice of our courts, which postponed all the arguments of counsel until all the evidence has been heard, renders less strictness necessary here than in England, where the argument of defendant’s counsel, in general, precedes the evidence in reply. Evidence in reply, ought to go to cut down or destroy the matter proved in defence, and not merely to confirm or increase the evidence given in chief. The trick of the plaintiff ’s reserving his strength for reply, should not be countenanced.
When the matter of defence is something distinct from a contradiction of the case first proved by the plaintiff, it is easy to see that the plaintiff’s reply must be confined to this matter, and not be extended to a confirmation of the case he has made, much less to the making of a new case. But where the defence is wholly, or in part, made by an attempt to disprove what the plaintiff has endeavored to establish, if the evidence in reply meets the matters offered in defence, or any of them, it is not, under our practice, objectionable, because it also furnishes, incidentally, comulative proof of-what the plaintiff first undertook to prove. Now in the case before us, the plaintiff first undertook to prove a gift, by the declarations of the donor, and by proof of other circumstances, from which the gift was to be presumed. The defendant endeavored to resist this, by proof of the plaintiff’s declarations, and of other declarations of the donor, shewing either that there had been no gift made, or that there had been subsequent adverse possession. The plaintiff, in reply, offered declarations of the donor, that he had given prior to any before shewn, which he insisted served to shew a long cherished purpose to give, and thus to remove the inferences which might have resulted from the equivocal declarations of the donor, which the defendant had proved. In this view, the testimony was in reply, and it moreover served to aid in explaining the true meaning of the donor, when afterwards he said that he had given, or that the negroes were his. It was not less *80 in reply, because it rendered more probable the gift which the plaintiff had before endeavored to establish, and so confirmed his previous proof. As no direct evidence of a delivery had been offered, it could not have appeared that all the declarations of the donor did not relate to the same gift, which may have been alluded to in this testimony. If the plaintiff had shewn a gift at a particular time, and this testimony shewed a different one, it was not in reply; but if its weight, in that view, had been appreciated by the defendant, it would have been met by an offer to rejoin. The witnesses were all present; and the defendant is in just the same situation he would have been in, if the testimony objected to had been offered in chief, and not in reply. The motion is dismissed.
Richardson, Q’Neall, Evans and Butler, JJ. concurred.